OPINION OF THE COURT
Charles J. Thomas, J.
*193 Motion by defendant Calvert Insurance Company (Calvert) for summary judgment is denied. The cross motion by plaintiff for summary judgment is granted and the cross motion by defendant Newbridge Coverage Corp. (Newbridge) for summary judgment is granted.
This action arises out of the loss and damage of plaintiffs property in a fire on July 2, 1994. The property, which was located at 171-14-18 Liberty Avenue, Jamaica, was insured by defendant Calvert, pursuant to a policy which covered the period August 10, 1993 through August 10, 1994. Defendant New-bridge was the insurance broker, and defendant Simon General Agency Inc. (Simon) was the agent involved in the transaction. On September 27, 1993, defendant Calvert conducted an inspection of the subject premises, and a report issued in conjunction with the inspection recommended the removal of all flammable materials, rubbish, junk and old parts from the premises, maintaining the areas clear at all times and the improvement of housekeeping throughout. On October 18, 1993, Calvert sent a letter to Simon noting the above deficiencies in the premises and requested that Simon notify plaintiff that the deficiencies must be corrected within 30 days.
On December 8, 1993, defendant Calvert sent a notice of cancellation of the policy to plaintiff, effective January 10, 1994 at 12:01 a.m. The stated reason for the cancellation in the notice was “underwriting judgment, noncompliance of recommendations.” Notwithstanding the alleged cancellation of the policy, on July 6, 1994, both Newbridge and Simon, on behalf of plaintiff, submitted an accord property loss notice to Calvert following the fire at the premises. In a letter to plaintiff dated July 12, 1994, Calvert denied the claim on the ground that the policy was effectively cancelled as of January 10, 1994. The instant motion and cross motions ensued.
In support of the motion, Calvert asserts that the policy was not in effect on the date of the loss since it was properly cancelled in accordance with all the provisions of the policy. In opposition to the motion and in support of the cross motion, plaintiff argues that the policy was in effect on the date of the loss because Calvert failed to set forth an enumerated reason for the cancellation of the policy in the cancellation notice as required by Insurance Law § 3426 (c). According to plaintiff, the language in Calvert’s notice of cancellation, “noncompliance of recommendations,” did not meet the statutory standard required for effectively cancelling the policy. In support of its cross motion, Newbridge similarly asserts that the cancellation *194 was not in accordance with the provisions of the Insurance Law. In addition, Newbridge contends that the cancellation was ineffective because the notice of cancellation was not mailed to plaintiffs agent or broker as required by Insurance Law § 3426 (c).
Insurance Law § 3426 contains the pertinent provisions regarding the cancellation of an insurance policy. Section 3426 (c) of the Insurance Law provides, in pertinent part, that:
“[a]fter a covered policy has been in effect for sixty days * * * no notice of cancellation shall become effective until fifteen days after written notice is mailed or delivered to the first-named insured and to such insured’s authorized agent or broker, and such cancellation is based on * * *
“(1) With respect to covered policies * * *
“(D) after issuance of the policy * * * discovery of an act or omission, or a violation of any policy condition, that substantially and materially increases the hazard insured against, and which occurred subsequent to the inception of the current policy period.”
In addition, Insurance Law § 3426 (h) provides that “[e]very notice of cancellation issued pursuant to this section shall specify the grounds for cancellation and shall contain where applicable a reference to the pertinent paragraph or subparagraph of subsection (c) of this section.” Moreover, Insurance Law § 3426 (i) states that “[n]o cancellation * * * notice that fails to include a provision required by this section shall be an effective notice for purposes of this section.”
In the matter at hand, it is undisputed that the notice of cancellation did not provide the specific statutory provision which was the basis for the cancellation even though there was a space provided on the cancellation form to list the appropriate reason. The “noncompliance of recommendations” clearly refers to an omission by the insured which materially increases the hazard insured against, the reason listed in Insurance Law § 3426 (c) (1) (D). Since Calvert did not comply with the provisions of the Insurance Law, it is not entitled to summary judgment, and plaintiff is entitled to summary judgment on his first cause of action. Moreover, defendant Newbridge is entitled to summary judgment on its cross claim against Calvert since plaintiffs claim against Newbridge arises from Calvert’s improper cancellation of the policy.